<div style="margin-right">Mayhew<br>*v.*<br>Scott<br>and **Tr.**</div>

---

## COMMONWEALTH *versus* LEWIS MARSH and HENRY          **57**
## BARTON.

### SAME *versus* SAME.

Where two were jointly indicted for uttering a forged note, and the trial of one was postponed, it was *held*, that he could not be called as a witness for the other.

IN these indictments the defendants were jointly charged with knowingly uttering a forged promissory note.   Marsh was tried on both indictments, before *Wilde* J.   The trial of Barton having been continued to the next term, he was offered as a witness on the part of Marsh ; but was rejected.   Marsh was convicted on both indictments.

If Barton was not rightly rejected, new trials were to be granted ; otherwise the verdicts were to stand.

*Dewey*, for the defendants.   It is not sufficient, in order to disqualify a witness, that he is interested in the question, but he must be interested in the event of the suit.   In this case the

<div style="margin-right">*Oct. 1st.*</div>

Common-
wealth
*v.*
Marsh.

acquittal or conviction of Marsh can neither operate in favor of the witness, nor to his disadvantage. If a person is disqualified to be a witness on the part of the accused, because he is united with him in the indictment, the government may, at its pleasure, deprive the accused of all his witnesses. *Commonwealth v. Easland,* 1 Mass. R. 15 ; 2 Stark. Ev. 747 ; *Bent v. Baker,* 3 T. R. 27.

*Davis* (Solicitor-General) and *Morris,* for the Commonwealth, cited 3 Stark. Ev. 1062 ; *Chapman v. Graves,* 2 Campb. 333, note ; *Sawyer v. Merrill, ante, p.* 16 ; *Man v. Ward,* 2 Atk. 228; *Dougherty v. Dorsey,* 4 Bibb. 207 ; 1 Chitty's Cr. L. 605 ; 1 Phil. Ev. (N. York ed. 1816,) 61, 62 ; *The People v. Bill,* 10 Johns. R. 95 ; *Rex v. Locker,* 5 Esp. R. 107 ; *Rex v. Lafone,* 5 Esp. R. 154 ; *Davis v. Levins,* 1 Holt's N. P. R. 275 ; *State v. Carr,* 1 Coxe's (N. Jers.) R. 1 ; *Rex v. Fletcher,* 1 Str. 633.

WILDE J. afterward drew up the opinion of the Court. It is an inflexible rule of evidence, that parties of record, whether in civil actions, or criminal prosecutions, are not admissible as witnesses.[1] They are not suffered to testify in their own favor, nor are they compellable to furnish evidence against themselves. The rule is not founded exclusively on the ground of interest, but on that also of public policy. Thus nominal parties, who may have no real interest in the question to be tried, and who are indemnified as to costs, are nevertheless excluded from testifying. And so in actions of tort, one of several defendants is not admitted to give evidence in favor of a co-defendant.[1] The same rule is adopted in criminal prosecutions, even if the defendants are tried separately. This was decided in the case of *The People v. Bill,* 10 Johns. R. 95 ; and there seems to be no reason or authority for adopting a different rule. If parties charged with an offence were permitted to testify for each other, they might escape punishment by perjury. If, in the present case, Barton, whose trial was postponed, had been admitted as a witness for the defendant, he might have been acquitted ; and then on the trial of Barton, the defendant in his turn might be admitted to testify ; and thus they would be

---

[1] See *Sawyer v. Merrill, ante,* 18, note 2 ; *Faunce v. Gray,* 21 Pick. 245.

[1] See *Sawyer v. Merrill, ante,* 18, note 3.

allowed mutually to protect each other, and evade the ends of justice. In the case of *Rex* v. *Lafone et al.* 5 Esp. R. 155, Lord Ellenborough carried the rule still further, and rejected the testimony of a co-defendant, who had suffered judgment, which he held was incompetent evidence for the other defendant ; remarking that he had never known such evidence offered. Such evidence, however, was offered and admitted in the case of *Rex* v. *Fletcher*, 1 Str. 633, and it has been admitted in this Commonwealth. After one of several defendants has been convicted, by his own confession, or otherwise, and the conviction does not make him incompetent, there seems to be no good reason why he should not be permitted to testify for or against the other defendants ; for after conviction, he is no longer a party to the issue. But however this may be, it seems clear that the witness offered in the present case was incompetent, and was properly excluded.

<p align="right">Common-<br>wealth<br>v.<br>Marsh.</p>

*Motion for new trial overruled.*